IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE RAY COLEMAN, ID# 275833, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-0242-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 26, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed, to which Petitioner filed objections.

### I.   Factual and Procedural Background

On September 9, 1999, Petitioner Eddie Ray Coleman ("Petitioner") was convicted of aggravated assault with a deadly weapon of his step-mother by a jury from the 292nd District Court, Dallas County, Texas. The jury assessed punishment, enhanced by two prior felony convictions, of sixty years imprisonment, which the trial court accepted in sentencing Petitioner to sixty years' imprisonment. Cause No. F99-70523-NV. As set forth in the trial record and as summarized by the magistrate judge, the State called three witnesses to testify: (1) Juanita Coleman, Petitioner's step-mother; (2) Billy Williams, Petitioner's step-brother; and (3) Officer Charles Webb. Juanita

**Memorandum Opinion and Order – Page 1**

Coleman testified that following an argument at her home with Petitioner, Petitioner left the home and returned approximately thirty-five minutes later and started firing gunshots at her and her home. She further testified that she saw Petitioner shooting at her through a window in the garage. Officer Webb testified that Petitioner's father told him that he saw Petitioner shooting at the garage. The step-brother testified about the argument between his mother and Petitioner and the ensuing gun shots.

On February 7, 2001, the court of appeals affirmed the conviction. *Coleman v. State*, No. 10-99-00299-CR, slip op. (Tex. App. – Waco Feb. 7, 2001, pet. ref'd). Petitioner filed a state habeas petition application on April 25, 2002. On October 30, 2002, the Texas Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court without a hearing. *Ex Parte Coleman*, No. 53,781-01, slip. op. at 1 (Tex. Crim. App. Oct. 30, 2002). Petitioner then filed this federal petition for writ of habeas corpus on January 30, 2003. Petitioner raises the following grounds in his petition for federal habeas relief: (i) the prosecutor impermissibly commented on his right to remain silent; (ii) the prosecutor impermissibly personalized the facts for the jury; (iii) the prosecutor impermissibly presented perjured testimony and failed to correct known false evidence; (iv) his attorney rendered ineffective assistance of counsel; (v) the trial court admitted hearsay statements into evidence; and (vi) the trial court abused its discretion in failing to follow rules and principles to his detriment.

**II.    Magistrate Judge's Report and Petitioner's Objections Thereto**

The magistrate judge found that none of Petitioner's claims entitled him to habeas relief and accordingly she recommended that the court deny Petitioner's application for writ of habeas corpus

**Memorandum Opinion and Order – Page 2**

under 28 U.S.C. § 2254. Petitioner has filed objections to the magistrate judge's reports as to each of his habeas claims. The court will address Petitioner's objections in turn.

    A.    **Prosecutor's Comments on Failure to Testify**

        1.    **Magistrate Judge's Findings and Conclusions**

Petitioner alleged that he was entitled to habeas relief because the prosecutor engaged in prosecutorial misconduct when he indirectly commented on Petitioner's failure to testify at trial. This claim concerns the following statement made by the prosecutor in closing argument: "Did you even hear that this man was ever concerned about who was in that house"? In recommending that this claim be dismissed, the magistrate judge first set forth the proper legal standard:

> When alleged prosecutorial misconduct implicated a constitutional right "such as the right to remain silent," the courts ask whether the statement of the prosecutor "was manifestly intended or was of such character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). If the prosecutorial misconduct is constitutional error under this test, the court must determine whether the error is harmless. *Id.* "A comment regarding a defendant's Fifth Amendment rights must have a clear effect on the jury before reversal is warranted." *United States v. Rocha*, 916 F.2d 219, 232 (5th Cir. 1990). Such a comment is harmless unless it "had a substantial and injurious effect or influence in determining the . . . verdict." (Citation omitted).

Reports at 7-8.

Applying this legal standard, the magistrate judge found that:

> In the instant case, it does not appear that the prosecutor manifestly intended his statement to be taken by the jury as a comment on the failure of petitioner to testify. The statement is not of such character, furthermore, that the jury would naturally and necessarily take it to be a comment on his failure to testify . . . As found by the state court of appeals, the comment summarizes evidence that his actions at the crime scene exhibited a lack of remorse. The State presented evidence that petitioner committed the offense by firing a gun at his

**Memorandum Opinion and Order – Page 3**

> family's house. Thirty-five minutes prior to the shooting, petitioner was inside the house with his step-brother and step-mother. The jury could reasonably infer that petitioner believed the house to be occupied when he fired the shots into it. Such actions demonstrate a lack of concern for anyone in the house. Because the statement can be reasonably construed as a summary of the evidence, it was not a comment on petitioner's failure to testify. It thus appears that the prosecutor made no statement about petitioner's right to remain silent sufficient to warrant habeas relief.

*Id.* at 8. The magistrate judge also noted that Petitioner made this argument on direct appeal, and the court of appeals found that the statement "was not a comment on [Petitioner's] failure to testify, but a summary of the evidence" because "the record contains evidence demonstrating his lack of remorse at the scene of the crime." *Id.* at 7 (citing *Coleman v. State*, slip op. at 14). Alternatively, the magistrate judge found that, "even assuming prosecutorial misconduct that amounts to a constitutional error, such error would be harmless. Nothing indicates that the statement of the prosecutor had a substantial or injurious effect or influence on the jury's verdict. Petitioner has not shown how the alleged prosecutorial misconduct actually prejudiced him." *Id.* at 9.

### 2. Petitioner's Objections

With regard to the prosecutor's complained-of statement, Petitioner has filed an objection to the magistrate judge's findings and conclusions, arguing that "[a]ny comment that focuses the jury's attention on the petitioner's personal feelings of concern which can only be supplied through petitioner's own testimony, necessarily implicates the petitioner's failure to testify . . . and would naturally and necessarily be a comment on petitioner's failure to testify because only the petitioner can testify as to his own concern." Obj. at 2 (internal punctuation omitted). In support, Petitioner argues that even indirect comments on the defendant's failure to testify can violate the Fifth Amendment. *Id.* (citing *United States v. Mackay*, 33 F.3d 489 (5th Cir. 1994)). Though difficult

to decipher, Petitioner's objections can also be construed as objecting to the magistrate judge's finding that, even if the prosecutor's statement rose to the level of constitutional error, such error would be harmless. *Id.* at 3.

### 3. Analysis

While the Petitioner is correct that "[t]he Fifth Amendment prohibits a prosecutor from commenting directly or indirectly on a defendant's failure to testify," (*see Mackay*, 33 F.3d at 495), such comments must still satisfy the two-part alternative test for determining whether a prosecutor's remarks constitute a comment on defendant's silence, that is: (i) whether the prosecutor's manifest intent was to comment on the defendant's silence or (2) whether the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *Id.* (citation omitted).

> As to the first possibility, the prosecutor's intent must be "manifest;" in other words, the test is not met "if some other explanation for his remark is equally plausible." "As to the second, 'the question is not whether the jury possibly or even probably would view the challenged remark in this manner, but whether the jury *necessarily* would have done so.'"

*Id.* (original emphasis). Furthermore, as the Fifth Circuit has stated, "[b]oth the intent of the prosecutor and the character of the remarks are to be determined by reviewing the context in which they occurred." *Id.* (citation omitted).

During his closing, the prosecutor argued as follows:

MR. GAMEZ: And the other thing here, he's [defense counsel] talking about just shooting at the house. This isn't just shooting at the house. Look at the location of the car and the door. The shot was right there. Mrs. Coleman told you she was right about here. That's real close. This is not somebody just shooting at a house.

Look at the bullet holes. No doubt that's a gun. And how about that? Nobody is around to give an explanation of that gun.

**Memorandum Opinion and Order – Page 5**

> The last thing I want to say, you can have any of this evidence. State's Exhibit No. 15 shows you some family pictures up here, some children and some other family pictures. *Do you ever hear that this man was ever concerned about who was in that house?*
>
> MR. JUDIN: Your Honor, we're going to object. He's arguing with regard to the Defendant's failure to testify.
>
> THE COURT: Overruled.
>
> MR. GAMEZ: Look at the pictures. There's some pictures of family members. You heard it from the defense attorney, he was there shooting at the house. No concern, no regard for anyone else. I'm going to ask you to find him guilty. Thank you.

RR4: (73-74) (emphasis added). Reviewing the prosecutor's intent and the character of the remarks in the context in which they occurred, the court **overrules** Petitioner's objections. Petitioner's argument rests on his mistaken belief that because only he can supply evidence of his concern, then the prosecutor's comments regarding his lack of concern about who occupied the house must be an improper comment on his failure to testify. As the magistrate judge found (*see* Report at 8), and as the court of appeals held in rejecting the same argument (*see Coleman v. State*, *supra*, slip op. at 14), the prosecutor's remarks can reasonably be construed to refer to Petitioner's lack of concern at the scene of the offense, and not his silence at trial. Evidence presented at trial showed that Petitioner committed the offense by firing a gun at his family's house where, a mere thirty-five minutes before, he had been in the house with his step-mother and step-brother. The jury could reasonably infer from this evidence that he believed the house was occupied and that his actions demonstrated a lack of concern for the house's occupants. In short, Petitioner has failed to show either that the prosecutor's "manifest intent was to comment on the defendant's silence" or that the "character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *See Mackay*, 33 F.3d at 495.

**Memorandum Opinion and Order – Page 6**

Moreover, the court **overrules** Petitioner's objections and **accepts** the magistrate judge's finding that, even were the prosecutor's statements held to violated Petitioner's constitutional rights, any such comment was harmless error. *See Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir.2003), *cert. denied*, 540 U.S. 1186 (2004) (holding that harmless error analysis applied to a prosecutor's alleged comment on the defendant's failure to testify). The test for harmless error in a federal habeas corpus action brought by a state prisoner is "whether the error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Given the overwhelming evidence of Petitioner's guilt (including his step-mother's identification of Petitioner as the one who shot her at her home, his step-brother's corroboration of certain of his mother's testimony, and Officer Webb's testimony that Petitioner's father told him that Petitioner fired a gun at the garage), the court accepts the magistrate judge's finding that the prosecutor's remarks did not have a substantial or injurious effect on the jury's verdict.

Accordingly, the court **overrules** Petitioner's objections, and **accepts** the magistrate judge's findings and conclusions that the prosecutor made no statement about petitioner's right to remain silent sufficient to warrant habeas relief and alternative finding that, even if he did, such error was harmless.

### B.     The prosecutor impermissibly personalized the facts for the jury

#### 1.     Magistrate Judge's Findings and Conclusions

Petitioner alleges that he is entitled to habeas relief because the prosecutor engaged in prosecutorial misconduct when he impermissibly personalized facts for the jury. This claim concerns the following statements made by the prosecutor in closing argument: "Can you imagine? Some of you may have a parent or grandparent . . . Some of you may have a parent or grandparent

**Memorandum Opinion and Order – Page 7**

67 years old. In the privacy of your own home, Ms. Coleman, who told you she works hard for this house, gets down on the floor." RR-IV at 70. As stated by the magistrate judge, Petitioner raised this claim on direct appeal and in his state writ. The court of appeals found that the prosecutor had engaged in misconduct by asking the jurors to imagine their own grandparent as the victim, but found the error to be harmless. *See Coleman v. State*, *supra*, slip op. at 11-12). With regard to the state writ, the trial court implicitly found no basis for habeas relief when it denied Petitioner's application without written order on the findings of the trial court without a hearing. *Ex Parte Coleman*, No. 53,781-01, slip. op. at 1 (Tex. Crim. App. Oct. 20, 2002). Like the court of appeals, the magistrate judge found that the prosecutor's misconduct was harmless error:

> In this instance, the prosecutor over-stepped permissible bounds of argument when he asked the jury members to imagine a parent or grandparent as the victim. Such misconduct, however, did not render petitioner's trial fundamentally unfair. The Court finds no reasonable probability that the verdict might have been different in the absence of the impermissible statement of the prosecutor. The misconduct was isolated and brief. The prosecutor did not belabor the point. Furthermore, the State presented overwhelming evidence of Petitioner's guilt.

Report at 9.

### 2. Petitioner's Objections

With regard to the prosecutor's statement, Petitioner has filed an objection to the magistrate judge's findings and conclusions, primarily detailing the impermissible nature of the prosecutor's comment (which the magistrate already found to be impermissible), and making an argument that appears to the court to be a challenge to the magistrate judge's finding that the statement, though impermissible, was harmless error. Obj. at 4-6. Petitioner states that "Mothers are the foundation

of society and when you hear about your mother having to get down on the floor in fear of her life you naturally think harshly, nor do you forget." *Id.* at 6.

### 3. Analysis

The court **overrules** Petitioner's objection. In light of the evidence marshaled at trial of Petitioner's guilt, including the testimony of his step-mother, his step-brother and Officer Webb (*see supra*), and in light of the fact that the prosecutor's misconduct was isolated and brief and that the prosecutor did not belabor the point, the Court **accepts** the magistrate judge's finding that the prosecutor's misconduct did not rise above the level of harmless error. Otherwise stated, the court determines that there is no reasonable probability that the verdict might have been different in the absence of the impermissible statement of the prosecutor.

Accordingly, the court **overrules** Petitioner's objections, and **accepts** the magistrate judge's findings and conclusions that the prosecutor's personalizing the facts for the jury, was harmless error.

### C.     Suborning Perjury and Failing to Correct Known False Testimony

#### 1.     Magistrate Judge's Findings and Conclusions

Petitioner also claims that the prosecutor engaged in misconduct by allowing known perjured testimony to be presented at trial and failing to correct the false statement. Specifically, he argues that Officer Webb testified that Petitioner's step-brother identified the Petitioner as the shooter, even though his step-brother testified that he did not see the shooter. Petitioner also argues about perceived inconsistencies between his step-mother's testimony and Officer Webb's testimony concerning the step-mother's ability to see Petitioner through the garage window.

**Memorandum Opinion and Order – Page 9**

"To obtain habeas relief for knowing use of perjured testimony or failing to correct known false testimony, petitioner must show that the testimony was actually false, the prosecutor knew it was false, and the evidence was material." Report at 12 (citations omitted). In recommending that the court dismiss this claim for habeas relief, the magistrate judge found that:

> In this instance, petitioner presents nothing to show that the complained-of testimony was false or that the State knew it was false. Contrary to petitioner's allegations, Officer Webb did not testify that petitioner's step-brother identified him as the shooter. The officer testified that petitioner's father saw petitioner fire shots at or into the garage. The testimony of the officer is neither inconsistent nor contrary to the testimony of petitioner's step-brother. In addition, Officer Webb testified that he was nearly six feet tall and the window started a little below his shoulders and kind of encased his face perfectly. Even assuming petitioner is five feet, eight inches tall, the Officer's testimony is not inconsistent with testimony from the step-mother that she saw petitioner through the window. A window that starts a little below the shoulders of a six-foot tall person is low enough to permit sight of a person who is four inches shorter.

*Id.* at 12 (internal citations and punctuation omitted).

Following these findings, the magistrate judge concluded that: " Absent a showing that presented testimony is false and that the State knew it was false, petitioner's due process claim necessarily fails. The Court finds no prosecutorial misconduct related to the testimony of the State's witnesses." *Id.* at 13.

### 2. Petitioner's Objections

With regard to this claim, Petitioner has filed objections to the magistrate judge's findings and conclusions. Obj. at 7-8. Petitioner contends that Officer Webb knowingly provided false testimony at the trial that Petitioner's step-brother saw him fire the shots. *Id.* at 7. In his objections, Petitioner asks, "why was Officer Chris Webb allowed to testify to a matter that the prosecutor knew had been recanted?!" *Id.* Further, with regard to Juanita Coleman's testimony that she opened the

garage door and saw Petitioner shooting at her through the garage window, Petitioner suggests that Juanita Coleman must have committed perjury because "why did Juanita Coleman walk to the person who's trying to harm or kill her instead of going away from the person!!" *Id.* at 8.

### 3. Analysis

The court **overrules** Petitioner's objections. The court has examined the trial record and agrees with the magistrate judge's finding that Officer Webb's testimony was that Petitioner's father saw him shooting at the garage, and not that the step-brother identified Petitioner as the shooter. Moreover, that Juanita Coleman testified she walked toward the garage in no way gives rise to any inference that her testimony was actually false, the prosecutor knew it was false, and that the evidence was material. In short, as the magistrate judge correctly found, there is no factual basis for petitioner's claim that the prosecutor knowingly suborned perjured. Accordingly, the court **overrules** Petitioner's objections, and **accepts** the magistrate judge's findings and conclusions rejecting Petitioner's claim that the prosecutor engaged in misconduct by presenting known perjured testimony at trial and failing to correct the false statement.

### C.   Ineffective Assistance of Counsel

### 1.   Magistrate Judge's Findings and Conclusions

Petitioner also claims he is entitled to habeas relief for ineffective assistance of counsel since his counsel failed to visit the crime scene, failed to take pictures and measurements, failed to interview witnesses, failed to review state records and failed to obtain a copy of the police report and point out inconsistent and perjured testimony to the jury. After properly setting forth the legal standard for ineffective assistance of counsel (*see* Report at 13-15) (to which Petitioner makes no objection), the magistrate judge found that Petitioner had shown no ineffective assistance of counsel:

**Memorandum Opinion and Order – Page 11**

> [P]etitioner has identified no inconsistent or perjured testimony presented at trial. Moreover, he has not shown how any alleged deficiency of counsel prejudiced his case. The State presented overwhelming evidence of petitioner's guilt. Petitioner has shown no reasonable probability that, but for the alleged deficiencies of counsel, the outcome of his trial would have been different [or that his] sentence would have been significantly less harsh. He presents nothing to undermine confidence in the verdict or sentence. Consequently, the claimed ineffective assistance of counsel entitles petitioner to no habeas relief.

Report at 15.

### 2. Petitioner's Objections

Petitioner objects to the magistrate judge's findings, contending that if counsel had visited the crime scene, taken pictures and measurements, and performed other such acts, counsel would have made the discovery that the garage window through which his step-mother testified she saw him was actually six feet from the ground, and thereby been able to inform the court that his step-mother was perjuring herself and file a motion to suppress evidence. Obj. at 10-11. He also argues that counsel's failure to interview witnesses contributed to counsel's failure to correct known perjured and inconsistent statements (*see supra* at 10-11). *Id.* at 11-13.

### 3. Analysis

The court **overrules** Petitioner's objections. The court has examined the trial record and agrees with the magistrate judge's finding that Petitioner has shown no ineffective assistance of counsel. As already stated above, the court has rejected Petitioner's claim that inconsistent or perjured testimony was presented at trial. Also, as state above, that the garage window was six-feet off the ground in no way rises to an inference that the step-mother was perjuring herself on the stand. In short, Petitioner has failed to demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687

**Memorandum Opinion and Order – Page 12**

(1984). Accordingly, the court **overrules** Petitioner's objections, and **accepts** the magistrate judge's findings and conclusions that Petitioner has failed to present a claim for ineffective assistance of counsel.

### D.     Trial Court Error

As noted by the magistrate judge, in his supporting memorandum, Petitioner claims that the trial court admitted hearsay statements into evidence and the trial court abused its discretion in failing to follow rules and principles to his detriment. Other than these conclusory claims of trial court error, Petitioner provides nothing more. The magistrate judge recommends that these general and unsupported claims do not entitle Petitioner to habeas relief and should de denied. Report at 16.

Petitioner has filed no objections to the magistrate judge's findings regarding his claims of trial court error. Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions regarding Petitioner's trial court error claims are correct. The magistrate judge's findings recommending denial of these claims are **accepted** as those of the court.

### E.     Miscellaneous

The magistrate also recommends that the court deny Petitioner's Motion to Strike, filed June 22, 2005, and Petitioner's Request for Entry of Default, filed July 15, 2005, in light of Respondent's May 12, 2005 answer and the court's May 16, 2005 order construing Respondent's May 10, 2005 motion to extend time to answer as a request to file the answer out of time, and granting it. Petitioner has filed no objections to this recommendation. Having reviewed the recommendations, the court **accepts** them and accordingly **denies** Petitioner's Motion to Strike, filed June 22, 2005, and **denies** Petitioner's Request for Entry of Default, filed July 15, 2005.

## IV.     Conclusion

Based on the foregoing, Petitioner's petition for writ of habeas corpus is **denied**, and this case is **dismissed with prejudice**. Further, Petitioner's Motion to Strike, filed June 22, 2005, is **denied**. Finally, Petitioner's Request for Entry of Default, filed July 15, 2005, is **denied**. A final judgment dismissing this case with prejudice will issue by separate document.

**It is so ordered** this 30th day of November, 2005.

Sam A. Lindsay
United States District Judge